# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAUL STAGNER,

     Plaintiff,

v.                                          CIV. No. 99-978 JP/WWD

UNUM LIFE INSURANCE COMPANY OF
AMERICA, WILLIAM KIZOREK and
ROBERT NELSON,

     Defendants.

## MEMORANDUM OPINION AND ORDER

On October 29, 1999 Defendant William Kizorek filed a Motion to Dismiss for Lack of Personal Jurisdiction Over the Person Pursuant to Rule 12(b)(2) [Doc. No. 10]. On November 3, 1999 Plaintiff filed a Motion to Amend Complaint [Doc. No. 14]. On November 4, 1999 Plaintiff filed a Motion for Remand [Doc. No. 18]. On November 29, 1999 Defendants William Kizorek and Robert Nelson filed a Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b) [Doc. No. 30]. Plaintiff's motion to amend will be granted in part and denied in part. Plaintiff's motion to remand will be denied. Defendant Kizorek's motion to dismiss for lack of personal jurisdiction will be granted. Defendants Kizorek and Nelson's motion to dismiss for failure to plead fraud with particularity and for failure to state a claim will be granted in part and denied in part.

Plaintiff is a New Mexico resident who in 1985 purchased a disability insurance policy ("Policy") from Defendant UNUM's predecessor. Under the Policy, Defendant UNUM, a foreign corporation, was to provide replacement income to Plaintiff should Plaintiff become disabled to practice his profession of general dentistry. On or about August 1, 1992, while the Policy was in

force, Defendant UNUM admitted liability under the Policy for a claim by Plaintiff of total disability and thereafter paid Plaintiff monthly. Some time prior to the summer of 1997 Defendant UNUM apparently hired InPhoto, a private investigation service, to verify Plaintiff's disability claim. Defendants claim that the investigation, conducted in Las Vegas, New Mexico, revealed Plaintiff engaged in an assortment of physical activities including walking, bending, stooping, climbing, and carrying. On or about June 21, 1997 Defendant UNUM terminated Policy benefits. On May 18, 1999 Plaintiff sued Defendant UNUM alleging a breach of contract, a violation of the duty of good faith and fair dealing, violations of the Insurance Trade Practices Act, and violations of the Unfair Trade Practices Act. Plaintiff also brings a count of "Civil Conspiracy to Defraud" and "Aiding and Abetting Violation of Fiduciary Duty" against Defendants Kizorek and Nelson. (Complaint at 7.)

A.     Plaintiff's proposal to add Michael Ray Turner as a defendant

Plaintiff argues he should be permitted to add the branch manager of InPhoto, Michael Ray Turner ("Turner"), under Fed. R. Civ. P. 15(a). Rule 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." Plaintiff also relies on Rule 19 (without specifying which language) and Rule 20 (claiming that the conduct allegedly attributable to Turner arises "out of the same transaction or occurrence.") Turner is a New Mexico resident. His addition would thus destroy complete diversity and divest this court of subject matter jurisdiction.

Defendants Kizorek and Nelson first argue that Plaintiff's allegations fail to state a claim against Turner. Defendants Nelson and Kizorek's alternate position is that the liberality traditionally afforded to motions to amend a complaint does not apply where a plaintiff seeks to

add a nondiverse party whose presence would defeat jurisdiction and that under a more strict

standard leave to amend should be denied.  See Hensgens v. Deere & Co., 833 F.2d 1179, 1182

(5th Cir. 1987) (remanding to federal district court for consideration of various equitable factors

such as whether defendant's proposed addition of nondiverse defendant was solely to defeat

jurisdiction).  See also Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488-89 (10th Cir. 1991)

(affirming district court's dismissal of state claims for lack of jurisdiction over nondiverse

defendants added after removal, holding that district court correctly refused to remand, citing

Hensgens with approval).  Defendants will prevail on both alternative arguments.

        1.     Failure to state a claim

No party should be joined under any rule or statute where, as here, Plaintiff fails to state a

claim against that proposed defendant.  See Frontier Airlines v. United Air Lines, 758 F. Supp.

1399, 1403 (D. Colo. 1989) ("The joinder of a resident defendant against whom no cause of

action is pled, or against whom there is in fact no cause of action, will not defeat removal," citing

Roe v. General Am. Life Ins. Co., 712 F.2d 450, 452 n. * (10th Cir.1983)).

The proposed amended complaint adds no new counts, but instead seeks to add Turner to

the two counts in which Defendants Kizorek and Nelson are already named: count V, civil

conspiracy to defraud, and count VI, aiding and abetting violation of fiduciary duty.  Turner has

submitted an affidavit, the contents of which Plaintiff does not dispute, indicating that Turner was

not involved with the surveillance of Plaintiff and did not write any report or make any

communication to Defendant UNUM or to any other person about Plaintiff prior to the filing of

this suit.  Moreover, Turner's sworn testimony is that he never knew of Plaintiff before Plaintiff

filed his complaint.  Therefore, given Turner's uncontested lack of knowledge, it is doubtful that

Turner could have conspired with or aided and abetted <u>anyone</u> perpetrating illegal conduct against Plaintiff.

Plaintiff, however, maintains that Turner is a "necessary" party, in spite of his professed lack of involvement, because of the duties imposed on Turner by the New Mexico statutes as a manager of a business providing private investigator services. <u>See</u> N.M. Stat. Ann. § 61-27A-10 (1999 Repl. Pamp.). Plaintiff claims that various subsections of section 61-27A-10 make Turner responsible "for their actions and to supervise them." (<u>See</u> Pl's Reply to Def. Kizorek and Nelson's Resp. at 10.) While Plaintiff's assertion lacks an antecedent, presumably he refers to Lapka and Defendant Nelson, the individuals alleged to have investigated Plaintiff for InPhoto. Plaintiff thus claims a form of managerial <u>respondeat superior</u> liability.

Plaintiff's argument fails. He is essentially attempting, incorrectly, to use the resident manager provisions (repealed in 1999 but in force during the time this case arose) in N.M. Stat. Ann. § 61-27A-10 to hold Turner liable under agency principles. The Restatement (Second) of Agency illustrates:

> (1) The agent of a disclosed or partially disclosed principal is not subject to liability for the conduct of other agents unless he is at fault in appointing, supervising, or cooperating with them.
>
> . . .
>
> Comment on subsection (1):
> a. The doctrine of respondeat superior does not apply to create liability against an agent for the conduct of servants and other agents of the principal appointed by him, even though other agents are subject to his orders in the execution of the principal's affairs. He is, however, subject to liability . . . if he directs or permits tortious conduct by them or fails properly to exercise control over them.
>
> Illustration:
> 1. A is employed by P as general manager. B, a servant under the immediate direction of A, is negligent in the management of a machine, thereby injuring T, a business visitor. A is not liable to T.

Restatement (Second) of Agency § 358.  See also Moser v. Bertram, 115 N.M. 766, 768, 858 P.2d 854, 856 (1993) (adopting § 358).

Turner's relationship to Lapka and Defendant Nelson is one of co-agent, not principal-agent as Plaintiff seems to imply.  While Turner, as the manager/agent, might be liable for the acts of employee/agents, Plaintiff has not alleged facts for such a finding.  Resting as Plaintiff does on the mere existence of a managerial relationship is not enough.

The case Plaintiff cites is not to the contrary.  G.C.M., Inc. v. Kentucky Central Life Ins. Co., 124 N.M. 186, 191, 947 P.2d 143, 148 (1997) requires that a plaintiff charging aiding and abetting violation of fiduciary duty "allege and prove," inter alia, that the defendant "intentionally provided substantial assistance or encouragement to the fiduciary. . . ."  While intent may be liberally attributed, see id. (citing cases), Plaintiff has pled nothing to indicate how Turner provided substantial assistance or encouragement to Defendant UNUM.  As to the conspiracy charge, Plaintiff cited no authority from any jurisdiction that a defendant who does not know that a plaintiff exists can be found liable for conspiracy to commit an illegal act against that plaintiff.

Plaintiff also tries to no avail to find a direct liability hook in a portion of the statutes that survived the 1999 amendments.  Current section 61-27A-10(C) states that "[a] licensee shall . . . be legally responsible for . . . each of his employees, including his manager."  The manager, although he must be licensed just like an owner and just like an employee, is clearly not "the licensee" to be held responsible for the acts of "each of his employees."  The licensee for these purposes is not Turner.

The New Mexico Regulation and Licensing Department Rules and Regulations do not change the result.  The provision cited by Plaintiff as Rule #1, Section 9(A) describing a

manager's license states:

> This license [sic?] would be defined as an individual under whose direction and control, charge or management, the business or functions of an Owners' License is operated. A Manager's License is required when the Owner's License is issued to an individual who is not a resident of the State of New Mexico, or does not possess the qualifications required by Section 61-27-14 N.M.S.A., 1978 Comp. (P.S.)

(Memo. Br. in Supp. at 4.) Aside from the fact that the section to which the regulation refers is now repealed, the recent amendments to N.M. Stat. Ann. § 61-27A-10(A) appear to supersede the last sentence. Moreover, even if the cited rule was consistent with the statute, it does not point to liability for Turner for the same reasons subsection 61-27A-10(A) does not.

2.      Joinder of a nondiverse defendant

Alternately, even if Plaintiff did state a claim against Turner, he should not be added as a defendant. 28 U.S.C. 1447(e) controls.[1] It states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Tenth Circuit apparently has not considered section 1447(e) (added in 1988), but other Courts of Appeals have. See, e.g., Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999); Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999); Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 n. 8 (1st Cir. 1994). Each of those decisions applied the analysis of Hensgens, upon which all parties in this case rely. Although the court in Hensgens did not rely on section 1447(e), because that provision was apparently enacted after the facts of the case, see id. n. 5, the same

---

[1] Rule 15(a) does not apply in this instance. The liberality otherwise provided to proposed amendments under Rule 15(a) does not apply where the amendment would destroy jurisdiction. See 6 Charles Alan Wright et al., Federal Practice and Procedure § 1447 (2d ed. 1990).

legal principle section 1447(e) now embodies controlled the outcome.[2]

The plaintiff in Hensgens sued a diverse defendant for state claims in state court. The defendant removed the case. Plaintiff then moved to amend to add a nondiverse defendant. The district court granted the motion to amend, but then granted motions for summary judgment as to both defendants. The Fifth Circuit remanded the case to the federal district court for determination of whether the nondiverse defendant was properly joined. If so, the district court would be without jurisdiction and its decisions on the summary judgment motions would be without effect.

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

Hensgens, 833 F.2d at 1182.

The equities balance in favor of Defendants. While the putative purpose of adding Turner is to name a party against whom claims are asserted, certainly the timing of the motions to amend and remand suggests a different aim. See Boyd v. Diebold, Inc., 97 F.R.D. 720, 723 (E.D. Mich.

---

[2] Other Circuits apply a similar discretionary and/or equitable analysis. See, e.g., Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir.1998); A.R.E. Sikeston Ltd. Partnership v. Weslock National, Inc., 120 F.3d 820, 834 (8th Cir. 1997).

1983); <u>Le Duc v. Bujake</u>, 777 F. Supp. 10, 12 (E.D. Mo. 1991).

Further, it does not appear that Plaintiff will suffer significant injury if not allowed to add Turner as a defendant. While it may be that Plaintiff was not dilatory in seeking to add Turner (Plaintiff claims he did not know of Turner's role at InPhoto until about the time of removal because of the state's reluctance to release licensing information), that Plaintiff learned of Turner so late in the game illustrates Turner's tangential, indirect involvement and points toward exclusion. Plaintiff has attempted to name Turner as a "necessary" defendant only because Turner's managerial position would allegedly make Turner jointly and severally liable with other named Defendants on two pre-existing counts. (See Pl's Reply to Defts. Kizorek's and Nelson's Resp. to Mot. to Amend at 12.) While Turner may be a proper party, he is not one whose presence is needed for just adjudication or whose absence creates a risk of prejudice. He is thus not necessary. <u>See</u> 4 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 20.02[6][c]. Plaintiff could have complete relief against the directly involved Defendants even without Turner. <u>See</u> <u>Boyd</u>, 97 F.R.D. at 722 (finding proposed defendant was not necessary simply because of his joint and several liability).[3]

Even if Plaintiff can successfully point to a managerial liability hook, the purpose of adding a party, who had no knowledge of Plaintiff, to civil conspiracy and aiding and abetting counts is highly questionable. Plaintiff makes no equitable arguments in favor of adding a party who would divest this court of jurisdiction. For example, Plaintiff was not invited or encouraged to add a nondiverse defendant. <u>See</u> <u>Desert Empire Bank v. Ins. Co. of N. America</u>, 623 F.2d 1371, 1376 (9th Cir. 1980). The jurisdictional question also did not escape notice for a time, which, if it

---

[3] Because Turner is not a necessary party, Rule 19 does not apply.

had, might have removed an inference that a defendant was named solely to defeat jurisdiction. See Stanhope v. Ford Motor Credit Co., Inc., 483 F. Supp. 275, 277 (W.D. Ark. 1980).

Rule 20, upon which Plaintiff primarily relies, also does not advance Plaintiff's position. Even if any right to relief as to Turner arises out of the same transaction or occurrence, with a common question of law or fact as to the named Defendants, the court has discretion under Rule 20 to deny Turner's joinder. For example, the plaintiff in Boyd sought to add a party whose presence would destroy diversity jurisdiction. The court noted that while the proposed defendant met the threshold of Rule 20, the court would not permit amendment under that rule because Plaintiff was dilatory and would not be harmed by a denial of leave to amend. See Boyd, 97 F.R.D. at 723. The Rule 20 analysis in Boyd was quite similar to the discussion in Hensgens, which I have already found balances in Defendants' favor. See also Buttons v. NBC, Inc., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (finding explicitly that 28 U.S.C. § 1447(e), not Rule 20, governs joinder of diversity-destroying defendants). Leave to amend to add Turner as a defendant will therefore be denied. Consequently, the motion to remand, premised entirely on

the addition of Turner, will also be denied.[4]

B.     Lack of jurisdiction over William L. Kizorek individually

Defendant William L. Kizorek ("Kizorek") has filed a motion to dismiss for lack of personal jurisdiction, which Plaintiff opposes.  Plaintiff, however, also seeks to remove Defendant Kizorek from the case by replacing, in the proposed amended complaint, reference to Kizorek with reference instead to William L. Kizorek d/b/a InPhoto.

1.     Defendant Kizorek the individual

From 1980 until August 1998 Defendant Kizorek was president and owner of Kizorek, Inc.  Kizorek, Inc. does, or did, business as InPhoto Surveillance.  In August 1998 Kizorek, Inc. changed its name to InPhoto Surveillance, Inc.  Kizorek, Inc. and InPhoto Surveillance, Inc. were/are incorporated in Illinois and have their principal places of business there.

Defendant Kizorek first applied for a personal New Mexico private investigators license in 1986.  That license was issued to him doing business as "InPhoto."  (Deft. Kizorek's Mot. to Dismiss Ex. C.)  Since that time, his license renewal applications and various other documents related to licensure indicate similar ambiguity as to business form.  The allegations are that Defendant Kizorek has been to New Mexico only once in the last ten years (for reasons unrelated to this case).  Moreover, Defendant Kizorek swears he did not personally investigate Plaintiff or produce any reports concerning him and never heard of Plaintiff until the filing of this lawsuit.

---

[4] To the extent Plaintiff argues that remand is warranted if Defendant Kizorek is identified in a different manner because of Defendant Kizorek's compliance with New Mexico licensing statutes, Plaintiff's argument is without merit.  First, as discussed in section B infra, Defendant Kizorek will not be identified differently and will instead be dismissed from the case.  Second, identifying Defendant Kizorek as a non-incorporated business operator does not change his state citizenship.

(See Deft. Kizorek's Mem. in Supp. of Mot. to Dismiss Ex. A.)

A plaintiff has the burden of proving personal jurisdiction. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).

> "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from . . . the transaction of any business within this state; . . . (3) the commission of a tortious act within this state; . . . ." §N.M.Stat.Ann. 38-1-16(A). New Mexico courts apply a three-step test to determine whether they have personal jurisdiction over nonresident defendants: "(1) the act must be enumerated in the long-arm statute, (§N.M.Stat.Ann. 38-1-16(A)); (2) plaintiff's cause of action must arise from the act, (id. § 38-1-16(C)); and (3) the act(s) of defendant must establish the minimum contacts necessary to satisfy due process." Salas v. Homestake Enterprises, Inc., 106 N.M. 344, 742 P.2d 1049, 1050 (1987).

Benally v. Amon Carter Museum of Art, 858 F.2d 618, 621 (10th Cir. 1988). The first step is to determine whether Plaintiff has shown that Defendant Kizorek personally committed one of the enumerated acts.

Plaintiff argues that Defendant Kizorek transacted business in the state by seeking a personal private investigators license for himself and others, thereby submitting himself to the jurisdiction the court. While Plaintiff applied for, and received, a personal investigators license, merely holding that license does not translate into acts sufficient for long-arm jurisdiction. See Sandstrom v. ChemLawn Corp., 904 F.2d 83, 89 (1st Cir. 1990) (possessing corporate license to do business and designation of agent insufficient to confer personal jurisdiction); Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564 (S.D.N.Y. 1997) (same); Katz v. Katz, 707 A.2d 1353, 1357 (N.J. 1998) (having license to practice law insufficient to lend jurisdiction to decide unrelated matter); Modlin v. Superior Court, 222 Cal. Rptr. 662, 665 (1986) (possessing a current but unused license to practice medicine not enough to create jurisdiction). There is no

evidence that Defendant Kizorek individually did anything in New Mexico other than acts related to keeping and maintaining personal licensure. Moreover, it appears that the application for a personal license was necessary to facilitate operation of the incorporated company. See, e.g., N.M. Stat. Ann. § 61-27A-10(A). In that respect Kizorek's obtaining the license was more like an act that would result in jurisdiction over the corporation rather than the individual. Plaintiff thus fails to meet the first step of the long-arm inquiry.

Even if Defendant Kizorek did conduct business in New Mexico by acquiring a license which facilitated the Roswell operation of InPhoto, Plaintiff's cause of action does not arise from or concern the conduct of that business, i.e., the license acquisition. See Campos Enterprises, Inc. v. Edwin K. Williams and Co., 125 N.M. 691, 694, 964 P.2d 855, 858 (Ct. App. 1998). The pleadings indicate that Defendant Kizorek as an individual license holder was not involved in the surveillance of Plaintiff and did not even know of Plaintiff until Plaintiff sued. There is, therefore, an insufficient nexus between Defendant Kizorek, the forum state, and the litigation to assert general personal jurisdiction over Defendant Kizorek individually. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984).

Plaintiff is not saved by his argument concerning "employee based conduct." (See Pl's Resp. to Def't Kizorek's Mot. to Dismiss at 7.) His contention appears to be that personal jurisdiction may be established over a defendant, over whom alone there would be no jurisdiction, because of the tortious acts of his agent Defendant Nelson. While this principle is sound, see Telephonic, Inc. v. Rosenblum, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975), its application is not. For reasons discussed in section B.2. infra, the employee/agent Plaintiff names is, if anything, an agent of Kizorek, Inc. or InPhoto Surveillance, Inc., not of Defendant Kizorek personally.

This conclusion also negates any liability under N.M. Stat. Ann. § 61-27A-10(C) ("A licensee shall at all times be legally responsible for the good business conduct of each of his employees, including his manager") because the licensee operated as a corporation.

  2. Denial of addition of William L. Kizorek d/b/a InPhoto as a defendant

  Leave to amend the complaint to identify Defendant Kizorek in counts V and VI as William L. Kizorek d/b/a InPhoto will also be denied.  The evidence concerning the variety of business association is somewhat ambiguous but points to the conclusion that Defendant Kizorek's New Mexico acts in relation to this case were within the corporate form.  Defendant Kizorek's initial license application identifies InPhoto as the business, lists an Illinois business address, and indicates that Defendant Kizorek chose the "individual" box under the heading "business classification."  He then completed a section expressly inapplicable to those with an "individual business."  (See Deft. Kizorek's Mem. in Supp. of Mot. to Dismiss Ex. B.) Subsequent renewals for 1987 and 1993 are similarly completed.  (See id. Exs. E and F.)  By 1997 Defendant Kizorek stopped completing the "individual business" portion.  (See Mem. Br. in Supp. of Mot. to Amend Exs. B and D.)  A Western Surety Company Bond for the term July 1, 1997 through June 30, 1999 filed in support of Defendant Kizorek's 1997 application indicates coverage for "Kizorek, Inc. dba in Photo."  (Id. Ex. B.)  The bond for 1999-2000 states the principal as "InPhoto Surveillance, Inc."  (Id. Ex. D.)

  It is significant to note that the inference drawn from the various registration and related documentation suggesting that Defendant Kizorek acted in New Mexico as a sole proprietor or in some other non-corporate fashion appears to be due, in large part, to the vagaries of the New Mexico statutes on the licensure of private investigators.  For instance, N.M. Stat. Ann. § 61-

27A-10(A) requires that a private investigation business "shall be operated under the direction, control, charge or management of a licensee" which appears to mean that one who wants to run a New Mexico investigation business, as a corporation or otherwise, must himself be personally licensed. See also New Mexico Licensing and Regulation Department rule cited section A.2. supra. Attempted compliance with these provisions by an officer of a foreign private investigation company, such as Kizorek, Inc. d/b/a InPhoto, should not cause the court to turn a blind eye to evidence suggesting that Kizorek, Inc., not Defendant Kizorek, did business as InPhoto. (See, e.g., Mem. Br. in Supp. of Mot. to Amend Exs. B and D (surety bonds); Deft. Kizorek's Memo. in Supp. of Mot. to Dismiss Ex. A. (affidavit of William L. Kizorek).)

Although the decision not to permit Plaintiff to amend his complaint to re-identify Defendant Kizorek in a different manner rests wholly on the fact that Defendant Kizorek did business in New Mexico if at all within the form of an Illinois corporation, the court is not unaware of Plaintiff's apparent motivation. Plaintiff has stubbornly avoided suing the corporation doing business as InPhoto, choosing instead to sue various officers, managers, and employees in hopes that at least one will be a New Mexico resident, thereby preventing or destroying federal court jurisdiction. Such tactics are not well taken. No individual should be haled into court as a jurisdictional pawn to defend against flimsy charges of personal liability for which Plaintiff apparently has failed to conduct even a basic investigation.

C.     Allegations against Defendant Nelson

Plaintiff brings two causes of action against Defendant Nelson "Civil Conspiracy to

Defraud" (count V) and "Aiding and Abetting Violation of Fiduciary Duty" (count VI).[5]
Defendant Nelson moves to dismiss under Fed. R. Civ. P. 9(b) and 12(b)(6).

Fed. R. Civ. P 9(b) requires that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). A complaint under Rule 9 must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). The "plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." United States v. Cheng, 184 F.R.D. 399, 402 (D.N.M. 1998).

In considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The issue before a court considering a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

---

[5] Plaintiff attempts to make against Kizorek in the original complaint all the same claims he makes against Defendant Nelson. But because Kizorek will be dismissed from the case for lack of personal jurisdiction as discussed in section B supra the analysis in this section is therefore inapplicable to Kizorek.

The complaint has, in essence, two discrete factual allegations of wrongful conduct. First, Plaintiff alleges Defendant Nelson advertised fraudulent services, <u>see</u> Complaint ¶ 15, a claim which quite clearly falls within the scope of Rule 9(b). Plaintiff has done absolutely nothing to particularize these conclusory assertions. Moreover, they do not appear form the basis of any specific counts. Claims stemming from these non-specific allegations regarding fraudulent advertisements will thus be dismissed.

The second factual allegation, that Defendant Nelson created a "false and misleading" report, apparently underlies counts V and VI and thus demands greater attention. (<u>Id.</u>) Count V contains, in essence, three alternatives of illegal conduct: 1) conspiring to violate N.M. Stat. Ann. § 59A-16-20 and N.M. Stat. Ann. § 57-12-3, or, 2) conspiring to defraud Plaintiff of Policy coverage, or, 3) agreeing "to perform illegal acts or legal acts in an unlawful manner for the express purpose of denying Plaintiff's disability benefits." (Complaint ¶ 36.) Each of these will be dismissed.

The third allegation in count V is so nebulous as to fail to state a claim upon which relief can be granted. The first allegation in count V is somewhat more particular, but is apparently indistinguishable from the second allegation for two reasons. First, Plaintiff has lumped this seemingly statute-based allegation under the heading "Civil Conspiracy to Defraud" which is, in fact, the exact allegation of the second alternative in count V. Moreover, Plaintiff treats the whole of count V as an allegation of conspiracy to defraud as evidenced by his failure to differentiate, throughout his response to the motion to dismiss, among what apparently are not separate causes of action. Thus, count V is only a claim for conspiracy to defraud.

Conspiracy to defraud must meet the standards of Rule 9(b). <u>See</u> <u>de Atucha v. Hunt,</u> 128

F.R.D. 187, 189 (S.D.N.Y. 1989) (quoting Hayduk v. Lanna, 775 F.2d 441, 443) (1st Cir. 1985).

See also Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 482 (E.D.N.Y. 1998)

(dismissing conspiracy to commit fraud charge for failure to plead underlying tort of fraud).

By applying Rule 9(b) to the alleged conspiracy to defraud, it is apparent that Plaintiff

misses the mark in an alarming number of ways. Plaintiff's contention, only clear after reading his

response, is that the alleged fraud is the "preparation of a false and misleading investigation

report." (Pl's Response at 8.) Yet he fails to identify, inter alia, what report is false and

misleading, who precisely is responsible for the false and misleading report, what exactly in it

and/or about it is false and misleading, and precisely when and where it was produced. Plaintiff

has also failed to allege with particularity the existence of a conspiracy and to state who, in non-

alternative fashion, conspired to do which illegal acts. See Silva v. Town of Springer, 121 N.M.

428, 434-35, 912 P.2d 304, 310-11 (Ct. App. 1996) (listing elements). Plaintiff appears to have

at least two investigative reports in his possession. (See Pl's Resp. to Deft. Kizorek's Mot. to

Dismiss for Lack of Pers. J. Exs. 4 and 5.)[6] Presumably he could, therefore, be more particular in

his allegations.

However, two glaring shortcomings, combined with the others, will cause count V to be

dismissed. First, Plaintiff has not, and cannot, adequately explain and how the report is "false and

misleading." Plaintiff in the complaint states that "UNUM knowingly hired and/or conspired with

Kizorek and/or Nelson to produce a false and misleading report on certain of Plaintiff's physical

---

[6] An investigative report is central to the allegations in the complaint. Therefore, consideration of the format and style of two InPhoto investigative reports, to which Plaintiff himself draws attention, does not convert the Rule 9(b) and 12(b)(6) motion to dismiss into a motion for summary judgment. See Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999).

capabilities which they all knew or should have known were not relevant to whether Plaintiff was disabled." (Complaint ¶ 15.) In his response to Defendant's motion, Plaintiff elaborates that the report was "false and misleading <u>because</u> it was not relevant to whether Stagner was disabled." (Pl's Resp. to Deft. Kizorek's and Nelson's Mot. to Dismiss at 8 (emphasis added).) How the report might be false "because it was not relevant" is unclear. There is no specifically supported contention that the report inaccurately depicted Plaintiff's physical capabilities as observed by Defendant Nelson or that Defendant Nelson expressed any opinions concerning Plaintiff's ability to practice general dentistry. This allegation actually implies the report was not false at all.

How the report might be misleading is similarly unclear. Plaintiff claims that all Defendants knew the report was or would be misleading, even before it was produced. Thus, the question arises as to who, if anyone, was in fact misled. Also, there is no contention that Defendant Nelson or anyone other than Defendant UNUM made the decision to terminate Policy benefits. Moreover, there is no contention that Defendant Nelson knew just what would be relevant under the Policy to the claimed inability to practice general dentistry. That Defendant UNUM, the sole Defendant vested with Policy decision-making authority, ceased payments under the Policy in reliance on a "misleading" report, which it knew to be misleading, would seem to inculpate Defendant UNUM rather than Defendant Nelson or anyone else. Plaintiff therefore has failed, in several ways, to meet the Rule 9(b) threshold for the underlying factual allegation that Plaintiff produced a "false and misleading" report.

Most troublesome of all, however, is Plaintiff's failure to demonstrate the existence of any deception or reliance, a failure for which leave to amend would be futile. See <u>Jefferson County Sch. Dist. R-1 v. Moody's Investor's Services, Inc.</u>, 175 F.3d 848, 859 (10th Cir. 1999).

In order to establish a cause of action for civil conspiracy, a claimant must show (1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts.

Silva, 121 N.M. at 434, 912 P.2d at 310.  Whether fraud must be demonstrated first, as in Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 482 (E.D.N.Y. 1998) (dismissing conspiracy to commit fraud charge for failure to plead underlying tort of fraud), or whether the fraud is subsumed in the "wrongful acts" described in step two of Silva, Plaintiff fails to state a claim. Fraud requires, inter alia, that the culpable parties intend to deceive the plaintiff and successfully induce the plaintiff to rely on a false or misleading statement.  See UJI 13-1634 NMRA 2000.  In this case there is no assertion that Defendant Nelson intended or conspired to deceive Plaintiff by preparing a false and misleading report about him.  There is also no assertion that Defendant Nelson, or anyone else, used or conspired to use the allegedly false and misleading report to induce Plaintiff's reliance to do, or not do, anything.  Cf. Reeves v. Wimberley, 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct. App. 1988) (alleged false representations to lessee by lessor and prospective buyer causing lessee not to renew lease in writing led to conspiracy to defraud charge by lessee); Younan v. Equifax, Inc., 169 Cal. Rptr. 478, 482 (Ct. App. 1980) (false representation to insured by defendant agent for insurer that plaintiff would undergo medical exam for objective assessment of claim, causing plaintiff to have exam which was neither objective nor performed by a doctor, resulted in denial of benefits and led to conspiracy to defraud charge).  Plaintiff has thus failed to state a claim for conspiracy to defraud, a claim to which the factual allegations of this case cannot fit.  Count V, entitled "Civil Conspiracy to Defraud," will therefore be dismissed.

Count VI is a claim that Defendant Nelson aided and abetted Defendant UNUM with the

breach of a fiduciary duty Defendant UNUM owed to Plaintiff.

> In order to state and prove a claim of aiding and abetting a violation of fiduciary duty a plaintiff must allege and prove the following: (1) a fiduciary of the plaintiff breached a duty owed to the plaintiff; (2) the defendant knew of such a duty; (3) the defendant intentionally provided substantial assistance or encouragement to the fiduciary to commit an act which the defendant knew to be a breach of duty; and (4) damages to the plaintiff were caused thereby.

GCM, Inc. v. Kentucky Central Life Ins. Co., 124 N.M. 186, 191, 947 P.2d 143, 148 (1997).

Where the underlying primary violations are based on fraud, an aiding and abetting breach of

fiduciary duty charge must meet the requirements of Rule 9(b). See Kolbeck v. L.I.T. America,

Inc., 939 F. Supp. 240, 245 (S.D.N.Y. 1996). However, with the fraud-related allegations

dismissed for the very reason that there is no underlying primary fraud, Rule 9(b) does not apply.

By drawing all reasonable inferences in Plaintiff's favor and accepting factual allegation as

true, as a court must when considering a motion to dismiss under Rule 12(b)(6), it appears that

Plaintiff has stated an aiding and abetting breach of fiduciary duty claim, albeit thin, against

Defendant Nelson. Contrary to Defendant Nelson's assertions, Plaintiff has pled a primary

violation of breach of a fiduciary duty in paragraph 14 and also in count II entitled "Violation of

Duty of Good Faith and Fair Dealing." (See Complaint at ¶¶ 14, 24-29 (count II).) Plaintiff also

alleges, with a short and plain statement, that Defendant Nelson knew of this fiduciary duty and

knowingly aided, encouraged, or assisted Defendant UNUM to breach that duty by denying

Plaintiff's disability claims, resulting in damages. (See Complaint ¶¶ 15, 41-43.)

While it may well be that this case will be the next Zamora v. Creamland Dairies, Inc., 106

N.M. 628, 634, 747 P.2d 923, 929 (Ct. App. 1987) (affirming summary judgment for assorted

torts in favor of private investigator in the absence of any evidence that investigator reported

anything other that what he believed he observed), such a final determination at this stage would be premature. The court is cognizant of, and in agreement with, the policy driving decisions such as Zamora and Forster v. Manchester, 189 A.2d 147, 150 (Pa. 1963) ("[W]e feel that there is much social utility to be gained from these [insurance] investigations. It is in the best interests of society that valid claims be ascertained and fabricated claims be exposed.") But a balance must be struck with the competing interest of an insured/plaintiff who is the target of an investigation, conducted covertly and in collaboration between the investigator and the insured which could conceivably lead to abuse. Plaintiff will thus be entitled to present evidence to support the claim in count VI that Defendant Nelson aided and abetted a breach of fiduciary duty by Defendant UNUM.

D.    Proposed addition of Jeffrey Lapka as a defendant

Plaintiff seeks to amend his complaint to add as a defendant Jeffrey Lapka ("Lapka"). Lapka's alleged role in this case is similar to that of Nelson's. Lapka, like Nelson, is apparently an InPhoto employee who conducted surveillance of Plaintiff. Accordingly, Plaintiff seeks to add Lapka to the two counts (counts V and VI) in which Nelson is named. Lapka is not a New Mexico resident, so his joinder would not trigger the increased scrutiny employed for the proposal to add Turner. However, because count V will be dismissed Lapka cannot, of course, be added to it. Count VI remains. Plaintiff will therefore be permitted to amend to add Lapka to count VI and for no other purpose.

However, before filing any amended complaint, and indeed before proceeding further with any aspects of this litigation, Plaintiff must frankly assess his case, with the provisions of Fed. R. Civ. P. 11 firmly in mind. If Plaintiff then believes he can properly proceed with the case against

Defendant Nelson and Defendant UNUM and can properly amend his complaint to add Lapka to count VI as a Defendant, he may do so by not later than April 17, 2000.

IT IS THEREFORE ORDERED THAT

(1) Plaintiff's Motion to Amend Complaint [Doc. No. 14] is granted in part and denied in part as outlined above;

(2) Plaintiff's Motion for Remand [Doc. No. 18] is denied;

(3) Defendant William Kizorek's Motion to Dismiss for Lack of Personal Jurisdiction Over the Person Pursuant to Rule 12(b)(2) [Doc. No. 10] is granted;

(4) Defendant William Kizorek and Robert Nelson's Motion to Dismiss Pursuant to Rules 9(b) and 12(b)(6) [Doc. No. 30] is granted in part and denied in part as outlined above; and

(5) Plaintiff is granted leave to amend to add Lapka to count VI by not later than April 17, 2000.


_____

**UNITED STATES DISTRICT JUDGE**